Leo MANTIN, Appellant,

v.

BROADCAST MUSIC, Inc., a corporation, et al., Appellees.

No. 15188.

United States Court of Appeals Ninth Circuit.

May 3, 1957.

Fendler & Lerner, Beverly Hills, Cal., for appellant.

Wright, Wright, Green & Wright, Edgar R. Carver, Jr., Los Angeles, Cal., for appellees.

Before MATHEWS, FEE and CHAMBERS, Circuit Judges.

MATHEWS, Circuit Judge.

On January 19, 1955, in the United States District Court for the Southern District of California, Leo Mantin, hereafter called plaintiff, brought a civil action against 34 defendants—5 individuals [1] and 29 corporations.[2] No answer was filed by any of the defendants. Instead, 6 of the corporate defendants [3] moved to dismiss the action on the ground that the complaint failed to state a claim upon which relief could be granted.[4] The District Court granted the motion and on May 14, 1956, entered a judgment dismissing the action. Plaintiff has appealed from the judgment.

The judgment was a final decision of the District Court. No direct review thereof could be had in the Supreme Court. The appeal was taken within 30 days after the entry of the

---

1. The individual defendants were sued as Doe One, Doe Two, Doe Three, Doe Four and Doe Five.

2. Broadcast Music, Inc., and 28 others, 10 of which were sued as Doe One Corporation, Doe Two Corporation, etc.

3. Broadcast Music, Inc., and 5 others.

4. See Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

judgment. We therefore have jurisdiction of the appeal.[5]

The question now to be considered is whether the District Court had jurisdiction of the action. Though not raised by the parties, the question is here and must be determined.[6]

The complaint stated that the District Court had jurisdiction of the action under and by virtue of 28 U.S.C.A. § 1332.[7] That, however, was a mere statement of a conclusion—a conclusion which the factual allegations of the complaint did not warrant.

It appeared from the complaint that the matter in controversy exceeded the sum or value of $3,000, exclusive of interest and costs, but it did not appear that the matter in controversy was between citizens of different States or between citizens of a State and foreign states or citizens or subjects thereof.

The complaint alleged, in substance, that all of the individual defendants were citizens of States other than California; that 18 of the corporate defendants[8] were corporations of States other than California; and that all of the other corporate defendants were corporations of States other than California or were corporations of foreign states.

Therefore, if the complaint had alleged that plaintiff was a citizen of California, it would have appeared that the District Court had jurisdiction of the action under 28 U.S.C.A. § 1332.[9] However, the complaint did not so allege.

The complaint alleged that plaintiff was "a professional entertainer and composer residing in the County of Los Angeles, State of California." That, however, cannot be regarded as an allegation that plaintiff was a citizen of California. Residence and citizenship are not the same thing.[10]

The complaint did not allege or attempt to allege jurisdiction under any statute other than 28 U.S.C.A. § 1332. It did attempt to allege jurisdiction under § 1332, but, as indicated above, its jurisdictional allegations were defective in that they did not include an allegation that plaintiff was a citizen of California.

However, it may well be that, in truth and in fact, plaintiff was at the commencement of this action, and still is, a citizen of California. If so, he may desire to move this court for leave to amend in this court the jurisdictional allegations of the complaint, pursuant to 28 U.S.C.A. § 1653.[11] Therefore, if he

---

5. See 28 U.S.C.A. §§ 1291, 1294 and 2107.

6. Southern Pacific Co. v. McAdoo, 9 Cir., 82 F.2d 121; Electro Therapy Products Corp. v. Strong, 9 Cir., 84 F.2d 766; Gavica v. Donaugh, 9 Cir., 93 F.2d 173; Royalty Service Corp. v. City of Los Angeles, 9 Cir., 98 F.2d 551; Minnis v. Southern Pacific Co., 9 Cir., 98 F.2d 913; Alexander v. Westgate-Greenland Oil Co., 9 Cir., 111 F.2d 769; Cheyne v. Atchison, T. & S. F. Ry. Co., 9 Cir., 125 F.2d 49; Jones v. Brush, 9 Cir., 143 F.2d 733; Tipton v. Bearl Sprott Co., 9 Cir., 175 F.2d 432; Van Buskirk v. Wilkinson, 9 Cir., 216 F.2d 735; Longview Tugboat Co. v. Jameson, 9 Cir., 218 F.2d 547; Canadian Indemnity Co. v. Republic Indemnity Co., 9 Cir., 222 F.2d 601.

7. Section 1332 provides:
"(a) The district courts shall have original jurisdiction of all civil actions

where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between:
"(1) Citizens of different States:
"(2) Citizens of a State, and foreign states or citizens or subjects thereof;
"(3) Citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.
"(b) The word 'States', as used in this section, includes the Territories and the District of Columbia."

8. Including the 6 which moved to dismiss the complaint.

9. See footnote 7.

10. Jeffcott v. Donovan, 9 Cir., 135 F.2d 213.

11. Section 1653 provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

so desires, plaintiff may file such a motion with the clerk of this court within 20 days after the filing of this opinion.

Such motion, if filed, shall be verified by plaintiff; shall state positively and specifically whether plaintiff was at the commencement of this action, and still is, a citizen of California; shall set out, in haec verba, any proposed amendment or amendments; and shall, in all respects, conform to the requirements of this court's Rule 15, 28 U.S.C.A.