440 P.2d 916

**HARLEYSVILLE MUTUAL INSURANCE CO., a corporation, Appellant,**

v.

**Franklin Stanley CLAYTON and Irene E. Clayton, his wife, and Henry Espinoza and Catherine Espinoza, his wife, Noel Thomas, Individually and Noel Thomas, as Guardian ad litem for Willis Thomas and Karen Thomas, minors, and Patricia E. Thomas, his wife, Appellees.**

No. 8607.

Supreme Court of Arizona.

In Division.

May 8, 1968.

Trew & Woodford, by R. R. Woodford, Phoenix, for appellant.

James E. Grant, Phoenix, for appellees Clayton.

Gordon G. Aldrich, Phoenix, for appellees Thomas.

McFARLAND, Chief Justice.

Noel and Patricia Thomas filed suit in the Superior Court of Maricopa County for personal injuries sustained in an automobile accident caused by a car owned by Irene Clayton, driven by her husband Franklin Clayton, and insured by plaintiff-appellant Harleysville Mutual Insurance Company, hereinafter called the company. While that suit was pending the company brought an action for declaratory judgment against the Claytons and the Thomases, and others not involved in this appeal.

The basis of this action was the fact that the company's liability policy on the Clayton car contained an endorsement providing that coverage would not apply when the vehicle was being driven by Franklin Clayton. After the issues were joined, the Thomases moved for a summary judgment declaring the company answerable under its policy. The trial court ordered that the company "be denied all relief and that the action be dismissed on its merits." The case now before us is an appeal by the insurance company from that order.

In Jenkins v. Mayflower Insurance Exchange, 93 Ariz. 287, 380 P.2d 145, after quoting from Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136, we said:

"Where the basis upon which this act has been declared constitutional is, 'preventing financial hardship and possible reliance upon the welfare agencies,' we cannot constitutionally allow artful distinctions between 'motor vehicle liability policy,' 'automobile liability policy' or 'policy of insurance' to defeat the purpose of the act. To do so would make our opinion in Schecter v. Killingsworth, supra, a sham.

"We hold, therefore, that the omnibus clause is a part of every motor vehicle liability policy, by whatever name it may be called."

The company, while agreeing with Jenkins v. Mayflower Insurance Exchange, supra, contends it is not applicable to the instant case, because in Mayflower the policy excluded all members of the armed services, while in the instant case the policy excluded only the car-owner's husband. Excluding a large group, says counsel, was completely unreasonable; excluding the husband, who was a known bad driver, on the other hand, was completely reasonable.

This argument—which is the only one advanced by the company—has already been decided by us in Dairyland Mutual Insurance Company v. Andersen, 102 Ariz. 515, 433 P.2d 963. In that case the automobile was owned by the O. K. Meat Packing Company, and the policy excluded only one man—James Andersen. In our opinion we said:

"Great Basin points to a written endorsement to its policy which provides that its insurance does 'not apply with respect to any claim arising from accidents which occur while any automobile is being operated by' Andersen. From this, Great Basin concludes that it has specifically excluded coverage of any accident occurring while Andersen was driving the Lincoln automobile and, therefore, there is no liability under its policy. Dairyland replies that Great Basin's exclusion of Andersen is illegal and void under our holding in Jenkins v. Mayflower, 93 Ariz. 287, 380 P.2d 145, and this is correct. In Mayflower, we held that the statutory omnibus clause is a part of every motor vehicle liability policy. Great Basin asks us to overrule that case. We were asked to do so in the recent case of Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98, and we refused. For the reasons stated there, we decline to consider the Mayflower holding further.

"Great Basin argues that even though we do not overrule Mayflower we should not apply it to this case because (a) Mayflower was a case where a whole class was excluded (all members of the armed forces); and (b) in this case the Dairyland policy is in existence and the public is thus protected against Andersen being uninsured. We reject these arguments. It is neither desirable nor advisable to engraft exceptions upon the statutory pronouncement now so firmly recognized as the public policy of this jurisdiction. The rider excluding Andersen, being in derogation of the omnibus clause, is void."

Because of the soundness of both Mayflower and Dairyland, it follows that the judgment from which this appeal was taken must be affirmed.

Judgment affirmed.

UDALL, V. C. J., and STRUCKMEYER, J., concur.