Marian G. GILPIN, Plaintiff-Appellee,

v.

NORTHWESTERN SECURITY INSURANCE COMPANY, Defendant-Appellant.

No. 24951.

United States Court of Appeals,
Ninth Circuit.

Aug. 26, 1971.

Rehearing Denied Sept. 22, 1971.

**1348**

Richard Briney, (argued), of Spaid, Fish, Briney & Duffield, Tucson, Ariz., for defendant-appellant.

Lawrence P. D'Antonio, (argued), of D'Antonio & Videen, Tucson, Ariz., for plaintiff-appellee.

Before BROWNING and CARTER, Circuit Judges, and SMITH,* District Judge.

RUSSELL E. SMITH, District Judge.

We seek to determine the coverage provided by an automobile liability insurance policy issued in the State of Arizona. There is no dispute as to the facts. Culiver Motor Company owned a 1967 Rambler automobile which it leased to Lyle-O'Keefe Adjustment Company (O'Keefe). O'Keefe was insured by Tri-State Insurance Company (Tri-State). O'Keefe furnished the Rambler for the regular use of its employee, Gilpin. (George Gilpin died while this appeal was pending and Marian G. Gilpin was substituted as appellee. The references in this opinion to Gilpin are to George Gilpin.) Gilpin's personal automobile, a Chrysler, was insured by Northwestern Security Insurance Company (Northwestern). Gilpin, while driving the Rambler, had an accident, was sued and became a judgment debtor. He contributed $15,000.00 to the settlement of the judgment [1] and by this action sought to recover the $15,000.00 from Northwestern, which had at all times denied liability.

The only problem presented by the appeal is whether the district court was correct in concluding that by virtue of Arizona law the policy in question, notwithstanding the limitations expressed in it, provided a full coverage.

Arizona has a financial responsibility law (A.R.S. § 28–1170, as amended, Laws 1961). That law in sub-section A defines a "motor vehicle liability policy" as being an "owner's" or an "operator's" policy. Sub-section B establishes the legal requirements for an "owner's policy." The "owner's policy" must designate the vehicle covered. It must also insure all persons using the owned vehicle with permission of the owner. Sub-section C establishes the requirements of the operator's policy and requires that it insure him in the use of "any motor vehicle not

---

* The Honorable Russell E. Smith, Chief Judge of the United States District Court for the District of Montana, sitting by designation.

1. The balance of the settlement up to the limit of its liability was paid by Tri-State.

owned by him." It is the plaintiff's position that since the Northwestern policy protected Gilpin while he was driving other cars, it was in effect an operator's policy, that the law governing operator's policies should be read into it, and that Gilpin was insured when he drove any other car, regardless of the restrictions contained in the policy itself.

In the Northwestern policy Gilpin was the named insured, and the car insured was a 1957 Chrysler. Northwestern agreed to pay the sums which Gilpin became legally obligated to pay as damages " * * * arising out of * * * use of the owned automobile or any non-owned automobile * * *." The Rambler was not an owned automobile under any possible construction of the Northwestern policy and the definition of "non-owned automobile" excludes an automobile " * * * furnished for the regular use of * * * the named Insured * * *."

In Arizona an insurance company may fashion the terms of the policies which it issues in any way it sees fit in the absence of statutory restriction.[2] As noted, the Arizona statutes differentiate between an owner's and an operator's policy. That distinction is recognized by the Arizona courts. In Reserve Ins. Co. v. Staats, 9 Ariz.App. 410, 453 P.2d 239 (1969), the court said:

"Motor vehicle liability policies issuable in Arizona under A.R.S. § 28–1170, as amended, of the Safety Responsibility Act fall into two general categories: an 'owner's policy' and an 'operator's policy.' * * * In utmost brevity, an owner's policy insures the owner of a specified vehicle or vehicles against liability arising out of their use, while an operator's policy insures the person in the act of operating."

The "drive other cars" coverage does not convert what obviously by its terms is an "owner's policy of automobile insurance" into an "operator's policy."[3] The Northwestern policy is an owner's policy; the provisions of Arizona law governing operator's policies are not to be read into it; the limitations stated in the policy do not offend any provision of the Arizona law relating to owner's policies and are valid.

The cases relied upon by plaintiff are not contrary. Jenkins v. Mayflower Ins. Exchange, 93 Ariz. 287, 380 P.2d 145 (1963); Dairyland Mutual Ins. Co. v. Andersen, 102 Ariz. 515, 433 P.2d 963 (1967); Harleysville Mutual Ins. Co. v. Clayton, 103 Ariz. 296, 440 P.2d 916 (1968), and Travelers Ins. Co. v. McElroy, 359 F.2d 529 (9th Cir. 1966), all involved owner's policies which attempted to limit the omnibus coverage required of owner's policies by the Arizona Financial Responsibility Law. Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98 (1967), involved a policy, the terms of which were in conflict with the section of the Arizona Financial Responsibility Law (A.R.S. § 28–1170, subsec. E) making the liability of the insurer absolute upon the infliction of the injury.

The judgment is reversed with directions to enter judgment denying the plaintiff all relief.

2. New York Underwriters Ins. Co. v. Superior Court, 104 Ariz. 544, 456 P.2d 914 (1969).

3. Civil Service Employees Ins. Co. v. Roberts, 10 Ariz.App. 512, 460 P.2d 48 (1969). In the absence of persuasive evidence that the Arizona Supreme Court would refuse to follow an Arizona Court of Appeals decision we are bound by it. Sullivan v. Shell Oil Co., 234 F.2d 733 (9th Cir. 1956). There is no evidence that the Arizona Supreme Court would refuse to follow any of the Arizona Court of Appeals cases cited herein. In fact in all of them the Arizona Supreme Court refused to review.