Carlton Jasper LUEHRS, Appellant,

v.

**UTAH HOME FIRE INSURANCE COMPANY, Appellee.**

No. 24617.

United States Court of Appeals,
Ninth Circuit.

Sept. 30, 1971.

Byrne, District Judge, concurred and filed opinion.

---

12. But cf. Madison v. Wood, *supra*, pp. 556–563 of 410 F.2d and Smith v. Cremins, supra, p. 190 of 308 F.2d.

Harold Goldman (argued), Phoenix, Ariz., for appellant.

Craig R. Kepner (argued), of Moore, Romley, Kaplan, Robbins & Green, Phoenix, Ariz., for appellee.

Before BARNES and HAMLEY, Circuit Judges, and BYRNE, District Judge [*].

HAMLEY, Circuit Judge:

On June 10, 1965, an automobile accident occurred in Glendale, Arizona, involving a taxicab owned by Glendale Cab Company, Inc., and driven by Ancie B. Slaughter, and a vehicle operated by Wilma Grace Gustafson. A passenger in the taxicab, Thelma Louise Luehrs, was killed as a result of the accident. Her husband, Carlton Jasper Luehrs, commenced a wrongful death action in an Arizona state court against Mr. and Mrs. Gustafson, Ancie B. Slaughter, and Glendale Cab Company, Inc.

The public liability insurance carrier for the cab company, pursuant to a policy covering the company and Slaughter as operator of the cab, undertook defense of the suit for those two defendants.

In the wrongful death action the state court awarded Luehrs judgment against all defendants in the amount of sixty thousand dollars. The public liability carrier paid its full policy limits on the judgment, and Luehrs has also recovered

[*] The Honorable William M. Byrne, Senior United States District Judge for the Central District of California, sitting by designation.

ten thousand dollars from the Gustafsons' liability insurer.

However, more than half the amount of the judgment remained unpaid, and Luehrs then applied to the state court for a writ of garnishment against Utah Home Fire Insurance Company (Utah), asserting that Utah may be indebted to Slaughter under a policy of automobile liability insurance Utah had issued to Slaughter.

Utah purported to remove the garnishment proceedings to the United States District Court for the District of Arizona. The parties filed an agreed statement of facts and cross motions for summary judgment. The district court entered summary judgment for garnishee-defendant Utah, whereupon Luehrs took this appeal.

We are first confronted with a jurisdictional question raised by this court, *sua sponte*, at the time of oral argument. Utah sought removal to the United States District Court for the District of Arizona on the ground of diversity of citizenship, pursuant to 28 U.S.C. § 1332. That statute provides, in part, that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds ten thousand dollars and is between citizens of different states. Section 1332(c) provides that for the purpose of that section and 28 U.S.C. § 1441 (removal procedure), a corporation shall be deemed a citizen of any state by which it has been incorporated "and of the State where it has its principal place of business * * *."

■ In its petition for removal, Utah alleged:

"At the time of the commencement of this action and since that time

plaintiff was and now is a resident of Maricopa County, State of Arizona, and Petitioner, Utah Home Fire Insurance Company was and still is a corporation organized and existing by virtue of the laws of the State of Utah."

It will be noted that this allegation is deficient in tow respects.

First, it fails to state that plaintiff Luehrs is a "citizen" of Arizona, alleging only that he is a "resident" of that state.[1] Second, it fails to negate the possibility that Utah's principal place of business may be in Arizona.[2]

In order to overcome these deficiencies Utah has, since the argument, moved in this court, pursuant to 28 U.S. C. § 1653, for leave to amend the petition for removal.[3] If it is now appropriate to grant that motion, the deficiencies referred to above will be corrected and diversity jurisdiction from the beginning of the suit will be established. The facts alleged in the motion to amend are not disputed by Luehrs. He has, in fact, filed a memorandum urging that the motion be granted. It is therefore not necessary to remand the motion to the district court to resolve disputed facts.

■ Under these circumstances we deem it appropriate to grant the motion for leave to amend, thereby establishing that diversity jurisdiction has existed throughout the progress of this case. *See* Barrow Development Co. v. Fulton Insurance Co., 418 F.2d 316, 318 (9th Cir. 1969); London v. Standard Oil Company of California, 417 F.2d 820, 822 (9th Cir. 1969); Mantin v. Broad-

---

1. An allegation that one is a "resident" of a particular state does not establish that he is a "citizen" of that state for the purposes of 28 U.S.C. § 1332. Mantin v. Broadcast Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957).

2. If Utah's principal place of business is in Arizona, that company is under 28 U.S.C. § 1332(c), a citizen of that state

and, assuming Luehrs is a citizen of Arizona, there would be no diversity of citizenship. See Guerrino v. Ohio Casualty Insurance Co., 423 F.2d 419, 421 (3d Cir. 1970).

3. Title 28 U.S.C. § 1653 reads:
"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

cast Music, Inc., 244 F.2d 204, 206–207, 248 F.2d 530, 531 (9th Cir. 1957).[4]

■ Turning to the merits, the relevant facts are not in dispute. Slaughter was a cab driver operating a taxicab owned by Glendale Cab Company, Inc., at the time of the accident. This company and Slaughter were covered by a public liability insurance policy issued to the company pursuant to requirements of the Arizona Corporation Commission. This garnishment proceeding, however, does not involve that insurance policy. Instead, it involves an owner's liability policy which Utah issued to Slaughter to insure his own Chevrolet and Pontiac automobiles.[5] The Utah policy also provided coverage to Slaughter while he was "driving other cars." However, under exclusion (a) the liability feature of the policy did not apply "* * * to any automobile while used as a public or livery conveyance. * * *"

■ Thus, under the specific terms of the Utah policy, it did not cover Slaughter while he was operating the taxicab. Luehrs, however, vigorously contends that this exclusion in Slaughter's personal liability insurance is void under Arizona law. In support of this view Luehrs cites a long line of Arizona decisions, and several by this court. These decisions make it clear that to the extent that the Arizona Financial Responsibility Act (A.R.S. § 28–1101 et seq.) requires that a motor vehicle liability policy provide specified coverage, policy exclusions or conditions which dilute that coverage are void and of no effect.[6]

■ In the case before us, by contrast, we are not concerned with insurance coverage required by any Arizona statute. Luehrs' claim against Utah is not predicated upon the omnibus clause in Slaughter's policy of liability insurance. Instead, it is based upon the "drive other cars" coverage of the Utah policy.[7] Had Slaughter's policy been an "operator's policy of liability insurance," "drive other cars" coverage would have been required under A.R.S. § 28–1170, subsection C. But, as stated above, Utah had issued Slaughter an "owner's

4. Compare Fifty Associates v. Prudential Insurance Company of America, 446 F.2d 1187 (9th Cir. 1970), where the pleadings were apparently incapable of amendment because the State of Arizona had been made a defendant, thereby destroying diversity jurisdiction.

5. *Motor vehicle liability policies issuable in Arizona under A.R.S. § 28–1170, as amended, of the Safety Responsibility Act, fall into two general categories:* "owner's policies" and "operator's policies." Put briefly, an owner's policy insures the owner of a specified vehicle or vehicles against liability arising from their use, while an operator's policy insures the person in the act of operating. Reserve Insurance Company v. Staats, 9 Ariz.App. 410, 453 P.2d 239, 240 (1969).

6. *See* Harleysville Mutual Insurance Company v. Clayton, 103 Ariz. 296, 440 P.2d 916 (1968); Universal Underwriters Insurance Co. v. Dairyland Mutual Insurance Co., 102 Ariz. 518, 433 P.2d 966 (1967); Dairyland Mutual Insurance Co. v. Andersen, 102 Ariz. 515, 433 P.2d 963 (1967); Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98 (1967); Jenkins v. Mayflower Insurance Exchange, 93 Ariz. 287, 380 P.2d 145 (1963). Also see the following Ninth Circuit diversity cases involving Arizona law, in which various exclusions and conditions which would dilute coverage required by Arizona statutes were held void: Farmers Insurance Exchange v. Rose, 411 F.2d 270 (9th Cir. 1969); State Farm Mutual Automobile Insurance Co. v. Thompson, 372 F.2d 256, 260–261 (9th Cir. 1967); and Weekes v. Atlantic National Insurance Co., 370 F.2d 264, 272–273 (9th Cir. 1966).

7. The "omnibus clause" in an owner's policy is required by A.R.S. § 28–1170, subsection B, paragraph 2, to insure the named insured and any other person using the vehicle with the named insured's express or implied permission, against loss from liability arising out of the ownership, maintenance, or use of the vehicle described in the policy. *See* Jenkins v. Mayflower Insurance Exchange, 93 Ariz. 287, 380 P.2d 145, 146 (1963). There is no mention in the statute or the cases of "drive other cars" coverage as part of the "omnibus clause."

policy." [8] A "drive other cars" clause is not required by Arizona statute in an owner's policy. Gilpin v. Northwestern Security Insurance Co., 447 F.2d 1347 (9th Cir., 1971); Civil Service Employees Insurance Co. v. Roberts, 10 Ariz.App. 512, 460 P.2d 48, 51 (1969).

■ It follows that Slaughter's "drive other cars" coverage was voluntary. When coverage is voluntary, it may be limited or excluded in Arizona. *Gilpin, supra.*

■ It may be true, as Luehrs asserts, that the exclusion here in question, pertaining to automobiles while used as a public or livery conveyance, purports to apply not only to the "drive other cars" coverage, but to the coverage of Slaughter's own vehicles, the latter being required coverage. We do not here undertake to decide whether the latter coverage may, under Arizona law, be so restricted. We hold only that, under Arizona law, the "drive other cars" coverage in an owner's policy of liability insurance may be limited in this way.

Affirmed.

WILLIAM M. BYRNE, District Judge (concurring):

I concur only because I feel bound by Barrow Development Co. v. Fulton Insurance Co., 418 F.2d 316 (C.A.9, 1969) and London v. Standard Oil Company of California, 417 F.2d 820 (C.A.9, 1969). I retain the hope that one day someone will have the courage to admit he erred and will seek to have the Supreme Court order this state court litigation remanded to the state court where it belongs. (See the authorities cited in my dissent in *Barrow*).

8. We do not understand appellant Luehrs to argue that the Utah policy was an "operator's policy" rather than an "owner's policy." If he does so argue, however, his contention lacks merit. This court, in the recent case of Gilpin v. Northwestern Security Insurance Company, 447 F.2d 1347 (9th Cir., 1971) rejected just such an argument in a diversity case under Arizona law. The court there said:

"The 'drive other cars' coverage does not convert what obviously by its terms is an 'owner's policy of insurance' into an 'operator's policy.' [sic.] The * * * provisions of Arizona law governing operator's policies are not to be read into it * * *."