**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RONALD DENNIS, derivatively on behalf of Pico Holdings, Inc.,
*Plaintiff-Appellant*,

v.

JOHN R. HART; RONALD LANGLEY; RONALD G. DEUSTER; RICHARD D. RUPPERT; JULIE H. SULLIVAN; KRISTINA M. LESLIE; CARLOS C. CAMPBELL; KENNETH J. SLEPICKA; PICO HOLDINGS, INC., Nominal Defendant,
*Defendants-Appellees*.

No. 12-55241

D.C. No. 3:11-cv-02271-WQH-WVG

GEORGE ASSAD, Derivatively on Behalf of Pico Holdings, Inc.,
*Plaintiff-Appellant*,

v.

JOHN R. HART; RONALD LANGLEY; ROBERT G. DEUSTER; RICHARD D. RUPPERT; JULIE H. SULLIVAN; KRISTINA M. LESLIE; CARLOS C.

No. 12-55266

D.C. No. 3:11-cv-02269-WQH-BGS

CAMPBELL; KENNETH J. SLEPICKA,
*Defendants-Appellees*,

PICO HOLDINGS, INC.,
*Nominal Party*.

RONALD DENNIS, derivatively on behalf of Pico Holdings, Inc.,
*Plaintiff-Appellee*,

v.

JOHN R. HART; RONALD LANGLEY; RONALD G. DEUSTER; RICHARD D. RUPPERT; JULIE H. SULLIVAN; KRISTINA M. LESLIE; CARLOS C. CAMPBELL; KENNETH J. SLEPICKA; PICO HOLDINGS, INC., Nominal Defendant,
*Defendants-Appellants*.

No. 12-55282

D.C. No.
3:11-cv-02271-
WQH-WVG

GEORGE ASSAD, Derivatively on Behalf of Pico Holdings, Inc.,
*Plaintiff-Appellee*,

v.

JOHN R. HART; RONALD LANGLEY; ROBERT G. DEUSTER; RICHARD D.

No. 12-55291

D.C. No.
3:11-cv-02269-
WQH-BGS

OPINION

RUPPERT; JULIE H. SULLIVAN;
KRISTINA M. LESLIE; CARLOS C.
CAMPBELL; KENNETH J. SLEPICKA,

*Defendants-Appellants*,

PICO HOLDINGS, INC.,
*Nominal Party*.

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted
June 4, 2013—Pasadena, California

Filed July 31, 2013

Before: Sidney R. Thomas, Barry G. Silverman,
and Raymond C. Fisher, Circuit Judges.

Opinion by Judge Fisher

# SUMMARY[*]

## Securities

The panel vacated the district court's orders in shareholder derivative suits alleging that a corporation's executive compensation policies violated state law.

The suits followed shareholders' advisory "say-on-pay" vote on executive compensation pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act. The panel held that removal of the suits from state court was improper because the plaintiffs asserted state-law causes of action, and, under the well-pleaded complaint rule, their allegations regarding the say-on-pay vote were insufficient to establish federal-question jurisdiction. The panel rejected defendants' arguments that federal jurisdiction existed under § 27 of the Securities Exchange Act of 1934, the "significant federal issue" rule, or the complete preemption doctrine.

The panel vacated the decisions of the district court with instructions to remand the cases to state court. The panel dismissed the cross-appeals for lack of jurisdiction.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Kathleen A. Herkenhoff (argued), The Weiser Law Firm, P.C., San Diego, California; Robert B. Weiser, Brett D. Stecker, Jeffrey J. Ciarlanto, and Joseph M. Profy, The Weiser Law Firm, P.C., Berwyn, Pennsylvania, for Plaintiff-Appellant-Cross-Appellee George Assad.

Louis N. Boyarsky (argued), Lionel Z. Glancy, and Michael Goldberg, Glancy Binkow Goldberg LLP, Los Angeles, California, for Plaintiff-Appellant-Cross-Appellee Ronald Dennis.

Robert W. Brownlie (argued) and Gerard A. Trippitelli, DLA Piper LLP (US), San Diego, California, for Defendants-Appellees-Cross-Appellants John R. Hart, Ronald Langley, Robert G. Deuster, Richard D. Ruppert, Julie H. Sullivan, Kristina M. Leslie, Carlos C. Campbell and Kenneth J. Slepicka and nominal party PICO Holdings, Inc.

**OPINION**

FISHER, Circuit Judge:

The Dodd-Frank Wall Street Reform and Consumer Protection Act requires corporations to hold periodic advisory votes on executive compensation. Nominal defendant PICO Holdings, Inc. held such a vote, and a majority of shareholders expressed dissatisfaction with PICO's executive compensation policies. Soon thereafter, the plaintiffs in these consolidated cases filed shareholder derivative suits in California state court, alleging that PICO's compensation policies violated state law. The defendants removed the cases

to federal court and argued that Dodd-Frank bars the suits. The district court dismissed portions of each case and remanded the remaining portions for lack of jurisdiction. As we explain below, removal of these cases was improper and the district court lacked jurisdiction to do anything other than remand them to state court. Accordingly we vacate the decisions of the district court with instructions to remand the cases to state court. We dismiss the defendants' cross-appeals for lack of jurisdiction.

## BACKGROUND

The Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank) provides that, at least every three years, public companies must conduct a shareholder vote "to approve the compensation of executives." 15 U.S.C. § 78n-1(a)(1). However, these "say-on-pay" votes "shall not be binding on the issuer or the board of directors of an issuer, and may not be construed . . . (1) as overruling a decision by such issuer or board of directors; (2) to create or imply any change to the fiduciary duties for such issuer or board of directors; [or] (3) to create or imply any additional fiduciary duties for such issuer or board of directors." *Id.* § 78n-1(c).

Nominal defendant PICO Holdings, Inc. is a California holding company. In 2010, it reported negative net income and free cash flow.[1] Disappointing financial results notwithstanding, PICO's board of directors (the Board) increased executive compensation in 2010. Shareholders, it appears, were not happy with this. In a May 2011 advisory vote mandated by Dodd-Frank, 61 percent of shareholders

---

[1] These facts are drawn from the complaints.

voted against the 2010 compensation package. The Board took no action in response to the vote.

After the vote, the plaintiffs in these cases filed shareholder derivative actions in California state court against PICO and the members of the Board. Plaintiff Ronald Dennis asserted claims for breach of fiduciary duty, gross mismanagement, contribution and indemnification, abuse of control, waste, and unjust enrichment. In the "prayer for relief" section of his complaint, he also requested a declaration "that the adverse May 13, 2011 advisory shareholder vote on the PICO Board's executive compensation rebutted the business judgment surrounding the PICO Board's decisions to increase executive compensation in 2010." Plaintiff George Assad asserted claims for breach of fiduciary duty in association with the Board's issuance of false and misleading statements, the Board's compensation practices, and the Board's failure to respond to the say-on-pay vote. Assad also asserted an unjust enrichment claim.

The defendants removed both cases to federal court. The defendants moved to dismiss both cases, and both plaintiffs moved to remand. In *Dennis*, the district court dismissed the request for declaratory judgment for failure to state a claim. It then held that the remaining claims did not state a federal claim or involve a substantial issue of federal law, declined to exercise supplemental jurisdiction and remanded the case to state court. In *Assad*, the district court dismissed the count alleging the Board breached its fiduciary duty by failing to respond to the adverse say-on-pay vote. It then held that the remaining claims did not state a federal claim or involve a substantial issue of federal law, declined to exercise supplemental jurisdiction and remanded the case to state court.

In each case, the plaintiff appealed the dismissal of parts of his case, and the defendants cross-appealed the district court's decision remanding the remainder of the case to state court rather than dismissing it on the merits.

## STANDARD OF REVIEW

Orders denying remand and granting Federal Rule of Civil Procedure 12(b)(6) motions to dismiss are both reviewed de novo. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1218 (9th Cir. 2009).

## DISCUSSION

Unless Congress has expressly provided otherwise, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000). "As a general rule, 'the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Id.* (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)) (alterations omitted).

The defendants argue that the well-pleaded complaint rule confers federal jurisdiction because the say-on-pay vote precipitated plaintiffs' suits and the complaints are suffused with references to the vote. This is insufficient to support

federal jurisdiction under the well-pleaded complaint rule. *See id.* (holding that "the fact that ARCO's complaint ma[de] repeated references to" federal law was insufficient to confer jurisdiction). Federal-question jurisdiction does not attach here, because the plaintiffs' complaints allege state – not federal – causes of actions. "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." *Id.* at 1114. The defendants argue that federal jurisdiction nevertheless exists under (1) Section 27 of the Securities Exchange Act of 1934 (Exchange Act), (2) the "significant federal issue" rule and (3) the complete preemption doctrine. We consider each argument in turn.

## A. Section 27 of the Exchange Act Does not Confer Jurisdiction

The defendants argue that the Exchange Act confers federal jurisdiction. Section 27 of the Exchange Act vests federal courts with exclusive jurisdiction over actions "brought to enforce any liability or duty created by [the Exchange Act] or the rules and regulations thereunder." 15 U.S.C. § 78aa(a). Section 27 is inapplicable because the plaintiffs' suits do not seek to enforce any liability or duty created by the Exchange Act or the rules and regulations thereunder. Nothing in either complaint alleges any implicit or explicit violation of the say-on-pay provision or any other provision of the Exchange Act. On the contrary, the parties agree that PICO did what the Act requires: it held a vote. The suits allege violations of state law and seek to enforce liabilities created by state law.

The defendants' reliance on *Sparta Surgical Corp. v. National Association of Securities Dealers, Inc.*, 159 F.3d

1209 (9th Cir. 1998), is misplaced. There, we held that Section 27 conferred federal jurisdiction over a suit alleging that the National Association of Securities Dealers (NASD) had violated its own rules about whether to de-list an offering. *See id.* at 1211–12. We explained that NASD rules are created under federal law and "[t]he Exchange Act requires [NASD] to comply . . . with [its] own rules." *Id.* at 1212. *Sparta* therefore held that "subject matter jurisdiction was specifically vested in the federal district court under [Section 27]" because "Sparta's complaint sought relief based upon violation of exchange rules." *Id.* at 1211. Here, by contrast, the plaintiffs admit that PICO complied with the Exchange Act and allege only violations of state laws. Accordingly, we reject defendants' contention that Section 27 confers jurisdiction.

## B. No Significant Federal Issue Confers Jurisdiction

We next turn to the defendants' contention that a significant federal issue warrants the exercise of federal jurisdiction. Whether or not a complaint pleads a federal cause of action, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). The defendants argue that Congress, in enacting Dodd-Frank, went to great lengths to ensure that say-on-pay votes were merely advisory and to bar any adverse consequences from a negative vote. This congressional desire to preclude liability, they say, is a significant federal issue conferring federal jurisdiction. We disagree.

The defendants characterize the plaintiffs as impermissibly seeking to impose liability based on the

adverse say-on-pay vote. The plaintiffs dispute this characterization, but it is irrelevant to the jurisdictional issue. If the defendants are correct – both that the plaintiffs are seeking to impose liability based on the vote and that such liability has been barred by Congress – then the defendants might have a very strong federal defense.[2] A federal defense, however, is "inadequate to confer federal jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). This is true even when the defense is that federal law preempts the state law claim. *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) ("The general rule is that a defense of federal preemption of a state-law claim . . . is an insufficient basis for original federal question jurisdiction . . . .").

Aside from their potential defense, the defendants have identified no significant federal issue that would confer jurisdiction. Therefore, this theory of federal jurisdiction also fails.

## C. The Doctrine of Complete Preemption Does not Apply

We turn next to defendants' argument that the doctrine of complete preemption confers federal jurisdiction. Complete preemption is "really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law

---

[2] Of course, because we do not have jurisdiction, we express no view as to the merits of any preemption defense that the defendants may raise in state court. *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 951 (9th Cir. 2009) ("Defendants may assert in state court their defense of conflict pre-emption under [federal law], as well as any other defenses they might have.").

to be so broad as to entirely replace any state-law claim." *Marin Gen. Hosp.*, 581 F.3d at 945 (quoting *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008)) (alterations omitted). Complete preemption is a limited doctrine that applies only where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action. Examples include Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), Section 301 of the Labor Management Relations Act (LMRA) and the usury provisions of the National Bank Act. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 7–8, 11 (2003); *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 862 (9th Cir. 2003). Nothing in the Exchange Act generally or Section 78n-1 specifically suggests that Congress intended to totally displace state law. On the contrary, we have recognized that the Exchange Act does not so fully displace state law as to invoke complete preemption. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1042 (9th Cir. 2003) ("We conclude that the Exchange Act does not create exclusive jurisdiction for any and all actions that happen to target false advertising and deceptive sales practices in the sale of callable CDs."); *see also Matsushita Electric Indus. Co. v. Epstein*, 516 U.S. 367, 383 (1996) ("Congress plainly contemplated the possibility of dual litigation in state and federal courts relating to securities transactions.").

Two other considerations confirm that complete preemption does not apply here. First, the complete preemption doctrine applies only to "claim[s] which come[] within the scope of [a federal] cause of action." *Beneficial Nat'l Bank*, 539 U.S. at 8. Here the parties agree that there is no federal cause of action for plaintiffs' claims, which places this case outside the realm of complete preemption. *See*

*Marin Gen. Hosp.*, 581 F.3d at 947–49 (holding that complete preemption did not apply to state law contract and tort claims because they were not cognizable as federal claims). Second, § 78n-1 – unlike ERISA, the LMRA and National Bank Act – created neither a federal cause of action nor a complex federal regulatory scheme. On the contrary, it created no new fiduciary duties and explicitly preserved existing state laws. *See* 15 U.S.C. § 78n-1(c) ("The shareholder vote . . . may not be construed . . . to create or imply any change to the fiduciary duties of [an] issuer or board of directors . . . [or] to create or imply any additional fiduciary duties for such issuer or board of directors . . . ."). This is the exact opposite of the type of comprehensive federal regime that would justify complete preemption.

None of defendants' arguments in favor of federal jurisdiction are persuasive. Accordingly, removal to federal court was improper and the district court lacked jurisdiction to do anything other than remand these cases to state court. We therefore vacate the district court's orders with instructions to remand to state court. We likewise dismiss defendants' cross-appeals for lack of jurisdiction.

The plaintiffs are awarded their costs of appeal.

**VACATED AND REMANDED**.