**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: JOSEPH JOHN VIOLA, AKA Giuseppe Viola, | No. 12-60032 |
| Debtor, | BAP No. 11-1173 |
| JANINA M. HOSKINS, Chapter 7 Trustee, | MEMORANDUM* |
| Appellant, | |
| v. | |
| CITIGROUP, INC., | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Donovan, and Dunn, Bankruptcy Judges, Presiding

Argued and Submitted April 10, 2014
Submission Withdrawn April 10, 2014
Resubmitted July 14, 2014
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant Janina Hoskins, the chapter 7 trustee of the estate of Joseph John Viola, seeks partial review of the Bankruptcy Appellate Panel's ("BAP") opinion affirming the bankruptcy court's order dismissing the trustee's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The trustee seeks review only of the lower court's determination that defendants were not "initial transferees" under 11 U.S.C. § 550(a).[1] We have jurisdiction under 28 U.S.C. § 158(d), and, after de novo review, we affirm. *See Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013); *Boyajian v New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009).[2]

In this circuit, a "transferee" is one who has legal title to the funds and the ability to use them as the recipient sees fit. This is called the "dominion test." *Universal Serv. Admin. Co. v. Post-Confirmation Comm. of Unsecured Creditors*

---

[1] The BAP published its opinion affirming the bankruptcy court, and generally, when it does so, we do as well, unless "publication is unnecessary for clarifying the panel's disposition of the case." *See* 9th Cir. R. 36-2(e). As we read the BAP's decision, it was published in order to provide guidance on whether the trustee had standing to bring an "aiding and abetting" claim against the defendants under 11 U.S.C. § 544(a)(2) and California law, an argument the trustee has abandoned before this court. A published opinion is therefore not necessary to clarify our decision, which is governed by circuit precedent.

[2] Following oral argument, we withdrew submission of this appeal pending issuance of a decision by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, No. 12-1200. The Supreme Court issued its opinion on June 9, 2014.

*of Incomnet Commc'ns. Corp., (In re Incomnet, Inc.)*, 463 F.3d 1064, 1071 (9th Cir. 2006).  We decline to apply a different test, as suggested by the trustee, because she fails to establish that this court's existing rule is clearly irreconcilable with subsequent authority.  *See Rodriguez v. AT&T Mobility Servs, LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (*citing Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (holding three-judge panels are bound by prior panel decisions, unless prior panel's reasoning or theory is clearly irreconcilable with intervening authority)).

In her second amended complaint, the trustee failed to allege that the defendants had the requisite dominion over the account funds the trustee sought to recover.  Instead, she alleged that the debtor exercised dominion over the accounts because the debtor fraudulently misappropriated his investors' funds, and the defendants allowed the debtor "to open and exclusively control" the trust accounts.  Because the trustee's allegations on their face are insufficient to satisfy the dominion test as to the defendants, the bankruptcy court correctly dismissed Counts One and Two of the trustee's second amended complaint for failure to state a claim.

**AFFIRMED.**