**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEFFREY WHALEY,

        Plaintiff-Appellant,

  v.

STATE OF ALASKA, Department of Public Safety; SAFARILAND, LLC,

        Defendants-Appellees.

No. 23-35431

D.C. No. 4:21-cv-00006-JMK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Joshua M. Kindred, District Judge, Presiding

Submitted May 13, 2024[**]
Anchorage, Alaska

Before: BYBEE, FRIEDLAND, and MILLER, Circuit Judges.

    Plaintiff Jeffrey Whaley appeals the district court's grant of summary judgment in favor of Defendants after removal from state court. We asked the parties to file supplemental briefs addressing whether there is any basis for subject

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

matter jurisdiction here. *United States v. S. Pac. Transp. Co.*, 543 F.2d 676, 682 (9th Cir. 1976) ("[W]e are bound to consider jurisdictional defects sua sponte.").

The parties now agree that there is no diversity jurisdiction in this case because the State of Alaska is a party. *See Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011) ("[N]either a state nor a state agency [can] be a party to a diversity action." (alteration in original) (quotation marks and citation omitted)); *Fifty Assocs. v. Prudential Ins. Co.*, 446 F.2d 1187, 1188-89, 1191-92 (9th Cir. 1970) (holding that there was no diversity jurisdiction where the plaintiff sued a state agency alongside private entities); *Luehrs v. Utah Home Fire Ins. Co.*, 450 F.2d 452, 455 n.4 (9th Cir. 1971) (noting that, in *Fifty Associates*, "the pleadings were apparently incapable of amendment because the State of Arizona had been made a defendant, thereby destroying diversity"); *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1005 (9th Cir. 2001) (explaining that failure to meet the diversity requirements for each defendant "render[s] the entire case beyond the federal court's power to decide"). The parties also agree that there are no other grounds for federal jurisdiction here.

We hold that "removal to federal court was improper and the district court lacked jurisdiction to do anything other than remand [this] case[] to state court." *Dennis v. Hart*, 724 F.3d 1249, 1255 (9th Cir. 2013). We thus vacate the district court's orders and judgment and remand with instructions to remand to state court.

**JUDGMENT AND ORDERS VACATED AND REMANDED.**