Geraldine Murphy EIPP, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Defendant.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Third-Party Plaintiff,

v.

MOTOROLA, INC., et al., Third-Party
Defendants.

No. Civil LV 74–159 RDF.

United States District Court,
D. Nevada.

Sept. 16, 1976.

Galatz, Earl & Biggar, Las Vegas, Nev., for plaintiff.

Rose, Edwards & Hunt, Ltd., Las Vegas, Nev., for defendant and third party plaintiff.

Beckley, Singleton, DeLanoy, Jemison & Reid, Las Vegas, Nev., for third party defendants.

## MEMORANDUM OPINION GRANTING STATE FARM'S MOTION FOR SUMMARY JUDGMENT AND DENYING GERALDINE MURPHY EIPP'S MOTION FOR SUMMARY JUDGMENT

ROGER D. FOLEY, Chief Judge.

On January 28, 1969, Peter Rickmers, an employee of Motorola, Inc., was driving an automobile that was involved in a collision in Las Vegas, Nevada, with a vehicle occupied by Geraldine Murphy Eipp. The vehicle that Rickmers was driving was owned by the Hertz Corporation and leased to Motorola, Rickmers' employer. At the time of the accident, Hertz, as owner of the automobile, had an insurance policy with Royal Globe Insurance Company, with applicable limits of $100,000.00. There also existed at the time of the accident an insurance policy issued by Zurich Insurance Company covering Motorola as a named insured and Rickmers as an employee as an additional insured, with applicable policy limits of $500,000.00.

In addition, there existed a policy of automobile liability insurance, issued in Arizona to Rickmers by State Farm Mutual Automobile Insurance Company on Rickmers' personal automobile, with applicable limits of $50,000.00. On July 1, 1969, a lawsuit was filed by Mrs. Eipp in the Eighth Judicial District Court of the State of Nevada against Rickmers and Motorola. On September 26, 1973, the lawsuit of Mrs. Eipp against Rickmers and Motorola was settled, by way of a stipulated judgment in the sum of $255,000.00. The settlement provided for a total release of Hertz upon payment of $100,000.00 by Royal Globe. When Zurich tendered $80,000.00 for payment, Motorola received a total release from Mrs. Eipp. Rickmers assigned his rights under the State Farm policy to Mrs. Eipp in return for her covenant not to seek satisfaction of the remaining $75,000.00 against him personally. Mrs. Eipp now seeks to collect the balance of the judgment through the State Farm policy.

On August 20, 1974, Mrs. Eipp filed suit against State Farm in the Eighth Judicial District Court of the State of Nevada. In her complaint she alleged that:

1. The policy insured Rickmers against all damages resulting from accidents to persons caused by the ownership, maintenance, or use of a vehicle operated by Rickmers.

2. The policy obligated State Farm to defend, and make any settlement it deemed expedient, which State Farm refused to do, resulting in damages in the amount of $75,000.00.

3. Pursuant to the Financial Responsibility Laws of the State of Nevada, State Farm is obligated to Mrs. Eipp in the sum of $15,000.00.

Whereupon, on October 23, 1974, State Farm petitioned for removal from the Nevada State District Court to the United States District Court for Nevada. Then State Farm answered Mrs. Eipp's complaint by way of denying any obligation to indemnify Rickmers. In addition, it denied any liability for failing to defend Rickmers.

On March 24, 1976, State Farm filed a motion for summary judgment presenting three grounds: first, that there was no coverage, and hence no duty to defend or settle on the part of State Farm; second, that the particular contractual arrangement drafted presents no legal obligation to pay by State Farm on behalf of Rickmers or his assignee, Mrs. Eipp; third, that as a matter

of law, the arrangement giving rise to the present litigation is void.

On April 21, 1976, plaintiff filed a cross motion for summary judgment stating, first, that there was coverage of Rickmers by State Farm and likewise a duty to defend; second, that the agreement and assignment is binding against State Farm; and third, the agreement entered into by Motorola, Rickmers and Mrs. Eipp is legal.

The determination of whether summary judgment is proper for either party will involve the analysis of two main issues to determine if there are any genuine issues of material fact which would preclude this Court from granting summary judgment. They are: (1) did the State Farm policy exclude coverage? [This issue will turn on whether the "escape" clause in the policy became operative by virtue of the facts and circumstances surrounding the accident, and, in addition, if the "escape" clause did become operative, whether it is void as a matter of public policy]; and (2) were the agreement and assignment binding on State Farm? [There are three areas of contention in this issue which are: (a) the effect of a "no-action" clause; (b) the liability of State Farm as affected by the assignment; and (c) the legality of the settlement agreement.]

The Court finds that there are no pertinent genuine issues of material fact. The Court concludes that as a matter of law the "escape" clause became operative and the clause is not void as against public policy. Further analysis is unnecessary. State Farm's motion for summary judgment will be granted. Plaintiff's motion for summary judgment will be denied.

## AS A MATTER OF LAW, STATE FARM'S POLICY EXCLUDES COVERAGE

The resolution of this issue is dependent upon the construction and effect given to the automobile liability insurance policy issued by State Farm to Rickmers. At the time of the accident, there existed a policy issued to Rickmers from State Farm insuring his own personal vehicle. This type of policy has been characterized as an "owner's automobile policy," which is one that insures the holder against legal liability for injuries to others arising out of the ownership, use or operation of a motor vehicle OWNED BY THE HOLDER. The State Farm policy also contained an "exclusionary clause" that would preclude any coverage upon the presence of certain conditions. The relevant passages of the policy are:

> "All of the foregoing provisions and all coverages are subject to the following:
> " *   *   *
>
> "(b) The insurance with respect to
>> (i) *a temporary substitute automobile,*
>> (ii) *a trailer,* or
>> (iii) *a non-owned automobile,*
>
> owned by any *person* or organization engaged in the *automobile business,* SHALL NOT APPLY TO ANY LIABILITY OR LOSS AGAINST WHICH THE INSURED OR THE OWNER OF SUCH VEHICLE HAS OTHER COLLECTIBLE INSURANCE APPLICABLE THERETO, IN WHOLE OR IN PART." (Emphasis provided.)

Thus, a triggering mechanism that could make the exclusionary clause operative, consequently absolving State Farm of liability, would be circumstances where the holder of the policy was operating an automobile owned by someone in the automobile business AND "other insurance" was available in whole or in part with respect to the holder of the policy OR the owner of the vehicle.

It is State Farm's contention that the circumstances and ownership of the automobile being driven by Rickmers on the date of the accident fell within the facts required to invoke the exclusionary provisions in the policy, since Rickmers was driving an automobile, owned by Hertz, Inc., a business involved in the leasing of automobiles, and that there was applicable insurance, "in whole or in part", to the liability of loss arising out of the accident.

It is plaintiff Eipp's position that the exclusionary provision in the State Farm policy is invalid by virtue of the existence

of the Arizona and Nevada Financial Responsibility Statutes. Without the exclusionary clause, the State Farm policy would be relegated to an "excess coverage" policy in the same position as the Zurich Insurance policy. Mrs. Eipp contends that since a judgment was obtained in the amount of $225,000 and the primary insurance of Royal Globe, Hertz's insurer, only covered $100,000, the excess insurers (Zurich and State Farm) are liable for the balance of $125,000. If this Court had concluded that the State Farm exclusionary clause was inapplicable and therefore the policy is an excess coverage type similar to the Zurich policy, both policies would share liability on a pro rata basis.

Thus, the sole determinative basis of whether State Farm Mutual is excluded from coverage as a matter of law is the construction and validity of the exclusionary clause. The Court concludes that the exclusionary clause is valid and the events surrounding the accident fall within the conditions necessary to invoke the exclusionary clause.

■■ The policy is a contract between the parties and as such must be construed to carry out their intent, except insofar as a statute or public policy requires a different construction. Further, while it is the duty of the Court to construe the insurance policy as written and not to rewrite it and thus make a new contract for the parties, ambiguous provisions will be given a meaning most favorable to the insured and exclusions from and exceptions to undertakings by the insurer are not favored. *Allstate Insurance Co. v. Shelby Mutual*, 269 N.C. 341, 152 S.E.2d 436 (1967); *St. Paul Fire & Marine v. Muniz*, 19 Ariz.App. 5, 504 P.2d 546 (1972).

■ In examining the exclusionary clause, the Court has no difficulty in construing the phrase "non-owned automobile, owned by a person or organization in the automobile business . . . " The policy defines "automobile business" as "the business or occupation of selling, leasing, repairing, servicing, storing or parking of land motor vehicles or trailers." By definition, therefore, the operation of leasing automobiles is within the ambit covered by "automobile business." Following, there is no dispute that Hertz, Inc., is in the automobile leasing business and that Hertz, Inc., owned the vehicle in question.

In interpreting the second relevant aspect of the clause, namely, that the policy "shall not apply to any liability or loss against which the insured or owner of such vehicle has other collectible insurance applicable thereto, in whole or in part," it is noted that in *U. S. Fidelity & Guaranty Co. v. Dixie Auto*, 292 F.Supp. 554 (1968), the United States District Court for the Northern District of Alabama construed an exclusionary clause remarkably similar to the abovementioned as becoming operative when a customer's liability policy at least provided "excess" insurance covering the accident.

■■ In holding that the exclusionary clause was intended to provide coverage only when there was no other coverage available to them, the Court stated that the endorsement was such that included either "primary or excess" insurance coverage which was sufficient to invoke the clause. Thus, it seems that the clear import of the language in the State Farm policy is to exclude coverage if there is either primary or excess insurance available to either the holder of the policy or the owner of the vehicle. It is undisputed that Royal Globe, as Hertz's insurer, provided the primary coverage in the amount of $100,000, an amount greatly in excess of the required amount under the Financial Responsibility Laws. This primary coverage in itself should be sufficient to invoke the exclusionary clause. In addition, however, there was an excess insurance policy available through Zurich Insurance Company. It is undisputed that Zurich covered Motorola as named insured and Rickmers as additional insured with a policy limit up to $500,000. As such, the Zurich policy provides an additional basis for concluding that the "other insurance" aspect of the exclusionary clause has been satisfied.

■ Mrs. Eipp contends the escape clause is void as a matter of public policy. She

cites *Rocky Mountain Fire & Casualty Co. v. Allstate Insurance Co.*, 107 Ariz. 227, 485 P.2d 552 (1971), as controlling. There the Court held:

> "An automobile owner's liability insurer could not exclude from coverage a driver using a 'loaner' vehicle notwithstanding there was other valid and collectible insurance available to the driver in an amount sufficient to satisfy the requirements of the omnibus clause of the State Financial Responsibility." *Arizona Revised Statutes 28–1170.*

The Nevada and Arizona Financial Responsibility Acts are worded precisely the same. The *Nevada Revised Statutes 485.3091* and *Arizona Revised Statutes 28–1170* read:

> "2. Such owner's policy of liability insurance shall:
>
> (b) Insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: $15,000.00 because of bodily injury to or death of one person in any one accident, and, subject to such limit for one person, $30,000.00 because of bodily injury to or death of two or more persons in any one accident."

At first glance, *Rocky Mountain* appears exactly on point. However, careful scrutiny of the case reveals crucial distinguishing facts. In *Rocky Mountain*, the Court held that the financial responsibility laws prevented an exclusionary clause of the insurer of the OWNER OF THE LOANER VEHICLE from becoming operative. In the case at hand, there is no issue involving an exclusionary clause in the insurance policy of the owner of the loaner vehicle. Ownership coverage is acknowledged as being the primary insurance of Royal Globe on behalf of Hertz. State Farm has ownership coverage

with respect to Rickers' personal automobile and non-ownership coverage with respect to the rented vehicle. In *Rocky Mountain*, the Court adjudicated a claim by a primary insurer and in that respect the Court held that any qualification could not be allowed. Had Royal Globe, as the primary insurer, attempted to limit liability through the use of an exclusionary clause, *Rocky Mountain* would be controlling. However, there is no such issue in the case at bar.

Plaintiff Eipp appears to be confused as to the role of the State Farm policy. The policy is an ownership policy with coverage on Rickmers' own personal vehicle. Under the financial responsibility laws, State Farm is required to provide insurance coverage for Rickmers' own automobile for anyone using that automobile with express or implied permission, that is, omnibus coverage.

Thus, while State Farm's policy is an owner policy with respect to the use and operation of his own personal vehicle, invoking the mandate of the financial responsibility laws to provide omnibus coverage, it does not necessarily follow that State Farm is an omnibus insurer for operations arising out of the use of a non-owned automobile. Mrs. Eipp's claim is not predicated on the section of the policy that would require omnibus coverage, namely, liability arising out of the use or operation of Rickmers' own personal vehicle. Clearly, if that were the case, the Court could not allow any qualifications as to coverage. Rather, the claim is covered by the "non-owned" vehicles section of the policy. The "non-owned" vehicles section or "drive other cars" clauses have been held not violative of the financial responsibility laws. The case law, as outlined below, is in harmony with this position.

In 1963, the Arizona Supreme Court, in the decision *Jenkins v. Mayflower Insurance Exchange*, 93 Ariz. 287, 380 P.2d 145 (1963), incorporated the requirements of the omnibus clause of Arizona's financial responsibility act, to be read into all insurance policies issued in the state. In the *Jenkins*

case, there was a specific provision in the policy of insurance issued by the defendant excluding as permissive drivers, under the policy's own omnibus provisions, any member of the "military or naval forces of the United States." Plaintiffs were passengers in the car being driven by an airman who was given permission to drive the car by the named insured of defendant. The exact holding in *Jenkins* provided:

> "We hold, therefore, that the omnibus clause is a part of every motor vehicle liability policy, by whatever name it may be called." 380 P.2d at 148.

It must be noted that *Jenkins* involved an exclusionary clause that attempted to limit liability by excluding certain permissive drivers of the owner's vehicle. The viability of the "drive other cars" clause in owners' insurance policies was not addressed until later.

In *Luehrs v. Utah Home Fire Insurance Co.*, 450 F.2d 452 (9th Cir., 1971), the Ninth Circuit held that the Arizona statutes do not require omnibus coverage for "drive other cars" clauses in owners' policies. *Luehrs* involved facts similar to the case at hand. There was an automobile collision between a taxicab owned by the Glendale Cab Co. and Luehrs. The cab was driven by Slaughter. A judgment was obtained in a state court in a wrongful death action for Luehrs. The public liability insurance carrier for the cab company, covering the company and Slaughter as operator of the cab, paid its full policy limits on the judgment. The judgment remained unsatisfied and as a consequence Luehrs initiated a proceeding attempting to hold Utah Insurance Co. liable for the excess under an owner's liability policy issued to Slaughter covering his own personal cars. This "drive other cars" clause went so far as to state that liability did not apply to "any automobile while used as a public or livery conveyance," regardless of whether there was any other collectible insurance. The Court stated that the owner's policy, insuring the taxi driver's own personal vehicle, did not owe any coverage for an accident while the named insured was driving a non-owned vehicle, namely, the taxi. The Court reasoned that:

> "Thus, under the specific terms of the Utah policy, it did not cover Slaughter while he was operating the taxicab. Luehrs, however, vigorously contends that this exclusion in Slaughter's personal liability insurance is void under Arizona law. In support of this view Luehrs cites a long line of Arizona decisions, and several by this court. These decisions make it clear that to the extent that the Arizona Financial Responsibility Act requires that a motor vehicle liability policy provide specified coverage, policy exclusions or conditions which dilute that coverage are· void and of no effect.

> "In the case before us, by contrast, we are not concerned with insurance coverage required by any Arizona statute. Luehrs' claim against Utah is not predicated upon the omnibus clause in Slaughter's policy of liability insurance. Instead, it is based upon the 'drive other cars' coverage of the Utah policy. Had Slaughter's policy been an 'operator's policy of liability insurance,' 'drive other cars' coverage would have been required under A.R.S. § 28–1170, subsection C. But, as stated above, Utah had issued Slaughter an 'owner's policy.' A 'drive other cars' clause is not required by Arizona statute in an owner's policy. *Gilpin v. Northwestern Security Insurance Co.*, 447 F.2d 1347 (9th Cir., 1971); *Civil Service Employees Insurance Co. v. Roberts*, 10 Ariz.App. 512, 460 P.2d 48, 51 (1969)." *Luehrs v. Utah Home Fire Ins. Co.*, 450 F.2d at 455–456.

State Farm is not an omnibus insurer with respect to Mrs. Eipp. There is no precedent under either Arizona or Nevada law holding that the financial responsibility acts place any minimal coverage on State Farm. Further, when the policy is read with regard to its plain and ordinary meaning, it is clear that no liability should accrue if the named insured was driving a non-owned automobile, owned by someone in the automobile business where the named insured or owner of such vehicle has other collectible insurance, either in whole or in part. It is undisputed that the vehicle in

question was owned by Hertz and that Hertz is in the automobile business. Following there is no denial that Royal Globe as insurer of Hertz provided the primary coverage and that excess insurance was available through Zurich covering Rickmers as an additional insured under the policy with Motorola.