572 P.2d 801

**Hyman B. PARKS, Appellant,**

v.

**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a Pennsylvania Corporation, Appellee.**

**No. 13162.**

Supreme Court of Arizona, In Division.

Dec. 5, 1977.

in favor of American Casualty Company of Reading, Pennsylvania, hereinafter appellee. We have jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

Both sides to this controversy agree that there is no dispute regarding facts. The only issue is whether the trial court properly determined the insurance contract between the parties was unambiguous, dictating a summary judgment for the appellee.

In 1964, when appellant was 57 years old, he purchased disability insurance from appellee through a group policy. The master policy for the group, The B'Nai B'Rith, provided that its members could purchase certain amounts of monthly indemnity, in the event of total disability, ranging from $100 to $600 depending on the age of the applicant. It also provided that insured members would be issued individual certificates which would set forth the insurance protection to which the member was entitled.

Pursuant to the plan, and because he was under 60 years old, appellant was able to purchase a policy for a monthly indemnity of $500. He was thereafter issued the individual certificate which contained the following provision:

"SECTION VI INDIVIDUAL TERMINATION

"The individual coverage with respect to any Insured Member shall immediately terminate on the earliest of the following:

.     .     .     .     .

"(c) on the premium due date following attainment of age 75. *Indemnities reduce as shown in the schedule for disabilities commencing on or after the premium date* at the specified attained ages. . . ." (Emphasis added.)

The schedule, also attached to this certificate, was as follows:

Wolfe & Harris, P.A. by Sidney B. Wolfe, Phoenix, for appellant.

Jennings, Strouss & Salmon by W. Michael Flood, Phoenix, for appellee.

HAYS, Justice.

Hyman B. Parks, hereinafter appellant, appeals from a summary judgment granted

SCHEDULE OF INDEMNITIES REDUCED FOR SPECIFIED ATTAINED AGES

| MONTHLY INDEMNITY LIMITS FOR PERIOD OF DISABILITY COMMENCING | MONTHLY INDEMNITY FOR TOTAL DISABILITY | MAXIMUM ACCIDENT PAYMENT PERIOD | | MAXIMUM SICKNESS PAYMENT PERIOD | |
|---|---|---|---|---|---|
| | | Insured Member's Occupation | Any Occupation | Insured Member's Occupation | Any Occupation |
| Prior to Premium Due Date following attainment of age 60 | $500.00 | 60 months | Lifetime | 60 months | To Age 65 |
| On or after Premium Due Date following attainment of age 60 but prior to Premium Due Date following attainment of age 70 | $400.00 | 60 months | Lifetime | 60 months | None |
| On of after Premium Due Date following attainment of age 70 but prior to Premium Due Date following attainment of age 75 | $200.00 | 60 months | None | 24 months | None |

At age 62 appellant became totally disabled. From April, 1970 to April, 1974, appellee paid appellant $500 a month. At that point, appellee apparently realized its mistake, informed appellant he had been entitled to only $400 a month, paid appellant $200 more, making a total of $24,000, and advised appellee they had completed their obligation to him. Appellee then brought this suit to recover the $6,000 more which he felt was owing him.

Appellant's first argument is that he contracted originally for a $500 a month indemnity for 60 months, that his application form said nothing about a reduction of indemnity payments after age 60, and that the contract in its entirety is ambiguous about such reductions. Since ambiguities in insurance contracts should be resolved in favor of the insured, he reasons, the trial court erred in granting the appellee a summary judgment. We do not agree.

■ It is true that, in Arizona, where the provisions of an insurance policy are unclear or ambiguous, they will be construed most favorably to the insured. *A. J. Bayless Markets, Inc. v. Ohio Casualty Insurance Co.*, 55 Ariz. 530, 104 P.2d 145 (1940); *Dairyland Mutual Insurance Co. v. Andersen*, 102 Ariz. 515, 433 P.2d 963 (1967). It is also true, however, that where such provisions are *not* ambiguous, they must be construed according to their plain and ordinary meaning. *A. J. Bayless Markets, Inc.*

*v. Ohio Casualty Insurance Co., supra*; *Dairyland Mutual Insurance Co. v. Andersen, supra*. The provisions of this contract are not ambiguous, as can be seen from those quoted. Consequently, the trial court did not err in its construction of the contract and properly granted appellee the summary judgment.

■ With regard to appellant's other arguments, he cannot now complain that the contract was not what he intended or expected to get.

"Where the insured receives a policy not conforming exactly to the one desired, he may either accept or reject it, but if he desires to reject it he must act within a reasonable time, so that his retention of the policy beyond a reasonable time may be taken as an acceptance of it." 12 Appleman, *Insurance Law and Practice*, § 7152, p. 209 (1943). *See Interstate Life and Accident Ins. Co. v. Flanagan*, 284 So.2d 33 (Miss.1973); *Green v. Beneficial Standard Life Ins. Co.*, 235 Or. 282, 383 P.2d 770 (1963); *Nossaman v. Northwestern National Life Ins. Co.*, 376 P.2d 622 (Okl.1962); *Madsen v. Maryland Casualty Co. of Baltimore*, 168 Cal. 204, 142 P. 51 (1914).

Here, appellant retained and paid premiums on the policy for six years before it became necessary to collect on it. We do not think he can complain he did not get what he bargained for.

Two other arguments are raised in appellant's brief. They are that appellee is estopped to deny appellant the $500 monthly payments and/or appellee waived the right to be obligated for only $400 a month for 60 months.

Both estoppel and waiver must be specially pleaded by whichever party seeks to rely on them. *Jerger v. Rubin*, 106 Ariz. 114, 471 P.2d 726 (1970); *Connolly v. Great Basin Insurance Co.*, 6 Ariz.App. 280, 431 P.2d 921 (1967); *Munger v. Boardman*, 53 Ariz. 271, 88 P.2d 536 (1939); 16 A.R.S., Rules of Civil Procedure, rule 8(d). Since appellant did not raise these issues in his complaint, he cannot now raise them on appeal. *See Connolly v. Great Basin Insurance Co., supra.*

The order of the trial court granting summary judgment for the appellee is affirmed.

STRUCKMEYER, V. C. J., and HOLO-HAN, J., concur.