580 P.2d 372

**CONTINENTAL CASUALTY COMPA-
NY, a Foreign Corporation,
Appellant,**

v.

**SIGNAL INSURANCE COMPANY and
National Indemnity Company,
Appellees.**

No. 1 CA–CIV 3626.

Court of Appeals of Arizona,
Division 1,
Department A.

April 25, 1978.

Rehearing Denied May 23, 1978.

Review Denied June 13, 1978.

Gust, Rosenfeld, Divelbess & Henderson by Richard A. Segal, Phoenix, for appellant.

Jennings, Strouss & Salmon by W. Michael Flood, Phoenix, Renaud, Cook & Videan, P.A. by J. Gordon Cook, Phoenix, for appellees.

## OPINION

NELSON, Judge.

In this action two liability insurance carriers seek to recover contribution from a third liability insurance carrier on the ground that they all insured the same risk. The case was tried to the court without a jury on stipulated facts and specified exhibits. The court initially ordered judgment for the appellant Continental Casualty Company, but after additional memoranda and arguments, reversed its order and rendered judgment in favor of the appellees, Signal Insurance Company and National Indemnity Company. This appeal followed.

The stipulated facts, which are adopted by the trial court in its findings, in essence related a carnival ride accident during the 1971 Arizona State Fair and the ensuing wrongful death and personal injuries lawsuit. The plaintiffs in that action recovered judgments, jointly and severally, against the State of Arizona and its agency, the Arizona State Coliseum and Exposition Board, and Larry Davis, doing business as Carnival Time Shows.

The carnival conducted at the Arizona State Fair in 1971 was pursuant to a contract between the Coliseum Board and the "Midway", a joint venture consisting of Foley and Burk Combined Shows, owned by Lloyd Hilligoss, and Carnival Time Shows, owned by Larry Davis. Midway agreed to carry liability insurance in amounts "not less than $2,000,000 for each person, $5,000,000 for each accident", with each policy to include the Coliseum Board and the State of Arizona as "Additional Named Insureds".

A "Certificate of Insurance" was issued and filed with the Coliseum Board showing

coverage for Lloyd Hilligoss with primary bodily injury coverage with appellant, Continental Casualty Company, for limits of $100,000 per person and $300,000 per occurrence, and excess bodily injury coverage with Insurance Company of the State of Pennsylvania for limits of $5,000,000. A similar certificate was issued and filed showing coverage for Larry Davis, describing primary coverage with appellee, National Indemnity Company, for bodily injury limits of $100,000/$300,000, and appellee Signal Insurance Company, with excess bodily injury limits of $900,000/$700,000.

■ Although the appellee stresses our role in reviewing evidence on appeal in a light most favorable to supporting the verdict, e. g., Van Dusen v. Registrar of Contractors, 12 Ariz.App. 518, 472 P.2d 487 (1970), we view this case as one of applying essentially undisputed facts to the construction of the various contracts of insurance, a matter in which this Court can draw its own conclusions as to the legal implications of the contracts in question. E. g., Ranger Insurance Company v. Lamppa, 115 Ariz. 124, 563 P.2d 923 (App.1977); State Farm Fire and Casualty Company v. Rossini, 107 Ariz. 561, 490 P.2d 567 (1971).

■ The controlling principle in cases involving contribution among insurance carriers can be stated as follows:

"In order for there to be contribution among insurers, the interest, as well as the risk and the subject matter, must be identical." Great West Casualty Company v. Truck Insurance Exchange, 358 F.2d 883, 886 (10th Cir. 1966)

See also: American States Insurance Co. v. Hartford Accident and Indemnity Co., 218 Kan. 563, 545 P.2d 399 (1976); cf. Universal Underwriters Insurance Company v. Dairyland Mutual Insurance Company, 102 Ariz. 518, 433 P.2d 966 (1967); St. Paul Fire & Marine Insurance Company v. Allstate Insurance Company, 25 Ariz.App. 309, 543 P.2d 147 (1975).

We conclude that each of the policies involved in this case was to insure a separate risk. Hilligoss' policy with Continental was to insure Hilligoss' contribution to the joint venture, and Davis' policies with National and Signal were to insure Davis' contribution.

■ A comparison of the Continental and National policies should start with the named insureds. Continental's named insured is Lloyd J. Hilligoss dba Foley and Burk and/or Fun Fair Shows. The type of business entity is not indicated. National's named insured is Larry Davis dba Carnival Time Shows. The named insured is named as an individual. Generally the right of contribution cannot be enforced where the named insureds on the policies are different. Republic Insurance Company v. United States Fire Insurance Company, 166 Colo. 513, 444 P.2d 868 (1968). The only mention of Davis or Carnival Time Shows in the Continental policy appears in an endorsement to the policy, after the accident, specifically providing that no coverage is afforded for operations of Davis or Carnival Time Shows for the 1971 Arizona State Fair.

■ Appellees argue that Davis is an additional insured under the definitions of persons insured found in the Continental policy. Definition (b) of persons insured reads as follows:

"if the named insured is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;"

Definition (b) cannot apply to Davis because the named insured is not designated in the declaration as a partnership or joint venture. Hilligoss is not a joint venture, although appellees urge that because none of the boxes on the policy form indicating the type of business entity are checked, any or all of the business entities are applicable. To conclude that none implies all is untenable. In any event, there was no judgment against any joint venture and none against Hilligoss. Davis is not a named insured under definition (b).

■ Definition (d) of persons insured reads as follows:

"a person or organization owning or operating a carnival attraction but only while such person or organization is operating the carnival attraction with the *express permission* of the named insured in connection with a carnival *owned or operated* by the named insured;" (Emphasis added)

The carnival attraction Davis was operating at the time of the accident, the "Scrambler", cannot be said to have been operated by Davis with the express permission of Hilligoss, the named insured. Davis owned the "Scrambler" and did not need the permission of Hilligoss to operate his own property. There is no evidence in the record that Davis at any time sought or obtained such permission from Hilligoss, or was required to do so by the joint venture agreement.

The operation of the carnival was the joint venture between Davis and Hilligoss which they denominated as the Midway. Therefore use of Davis' Scrambler was not in connection with a carnival owned or operated by Hilligoss. Davis is not an insured under definition (d).

Definition (e) of persons insured reads as follows:

"with respect to an occurrence taking place at a carnival site,

  (i) a fair or exposition association, sponsoring organization or committee,

  (ii) the owner or lessee thereof and

  (iii) a municipality granting the named insured permission to operate a carnival."

■ The definition of "carnival site" contained in the Continental policy states the following:

" 'carnival site' means premises *owned, rented* to or *controlled* by the named insured upon which a carnival is situated." (Emphasis added)

It cannot be said that Hilligoss "owned" any part of the State Fair Grounds, just as it cannot be said that any part of the grounds was "rented" to him. The issue of whether Hilligoss "controlled" the premises where the carnival was situated is not resolved by a showing that Hilligoss and Davis were engaged in the Midway joint venture. Within a joint venture, the parties may assign particular responsibilities. While this does not alter their joint responsibilities to persons outside the joint venture, it will affect the rights and responsibilities of the joint venturers as to each other.

" 'The requisite of equality in joint control does not render impossible the delegation of the duties of management to one of the participants in a joint venture. The rights of the parties with respect to the management and control of the enterprises may be fixed by agreement so as to effectively place control in the hands of one of the joint venturers, and, once having been fixed, may be changed by agreement.' " *James Weller, Inc. v. Hansen*, 21 Ariz.App. 217, 223, 517 P.2d 1110, 1116 (1973), quoting from 46 Am. Jur.2d, *Joint Ventures*, § 42, p. 61.

■ The word "control" in an insurance policy requires a determination on a case-by-case basis and in viewing such issue, the courts will measure control as it is consonant with the work to be done. *General Insurance Company v. American Employers' Insurance Company*, 11 Ariz.App. 38, 461 P.2d 517 (1969). In the case before this Court, control by Hilligoss of the areas where Davis and Davis' employees operated Davis' rides cannot be said to be consonant with the work to be done. It is clear that Hilligoss and Davis agreed to operate their own rides and attend to their own employees.

Neither subsection (i) nor (iii) are applicable to Davis, and since under subsection (ii) the joint venture, rather than Hilligoss, is the owner or lessee of the carnival site, assuming the site was "leased" from the governmental agency (an issue we need not reach), Davis cannot be an insured under definition (e).

■ The final portion of the persons insured section found in Continental's policy gives further support that Davis is not an insured under this policy. It provides that

the insurance does not apply to bodily injury "arising out of the conduct of any . . joint venture of which the insured is a . . member and which is not designated in this policy as a named insured." As seen above, the joint venture was not a named insured.

The appellees argue that even if Davis is not an insured under the Continental policy, they still are justified in having contribution because the State of Arizona and its agencies were insureds under the Continental policy.

The State of Arizona and its agencies are not insureds under the appellant's policy for this accident occurring on Davis' portion of the Midway and on a ride owned and exclusively operated by Davis. Under the definitions of persons insured, only definitions (e), (i) or (ii) might apply. The State could be either a "sponsoring organization" or the owner of the "carnival site". Because of Hilligoss' lack of control of the premises where Davis' Scrambler was operated and the accident occurred, inclusion of the State of Arizona or its agencies under this section is precluded.

Appellees rely on the Certificate of Insurance filed with the Coliseum Board on Hilligoss' behalf as showing the inclusion of the State as an insured in Continental's policy. However, a Certificate of Insurance cannot contradict the terms of a policy; it only provides information as to the policy's contents. In this case it is clear that had the accident occurred on a Hilligoss ride, the State would be an insured under the Continental policy, but the accident occurred on a ride of Davis', upon which the appellees provided the protection.

Appellees also urge that because Continental acknowledged a duty to defend the State, and did so until trial, it somehow admits its coverage of the State under its policy issued to Hilligoss. This conclusion is unsupported by law. *Lawrence v. Burke*, 6 Ariz.App. 228, 431 P.2d 302 (1967). The duty to defend is not synonymous with, nor determinative of the question of coverage. 7A, J. Appleman, *Insurance Law and Practice*, §§ 4681–4694 (1962 & Supp.1974); and

45 C.J.S. Insurance § 714 and cases cited therein.

Because the risks insured by the policies of the appellees are not identical to those on the appellant's policy, contribution, as a matter of law, will not be granted. The interest, risks, and subject matters must be identical before contribution will be granted. *Great West Casualty Company v. Truck Insurance Exchange, supra.*

Equitable principles, upon which the doctrine of contribution is founded, *Republic Insurance Company v. United States Fire Insurance Company, supra;* 6 J. Appleman, *supra*, at § 3902, are not offended by this result. The appellees received a premium to cover the operation of Davis' Scrambler; appellant did not. Appellees intended to cover this particular loss, if it occurred; appellant had no such intent. There is nothing inequitable about denying contribution in this case.

The judgment of the trial court is reversed and the cause is remanded with directions to enter judgment in favor of Continental Casualty Company.

HAIRE, P. J., and SCHROEDER, J., concurring.