637 P.2d 748

Kermit W. RODEMICH and Martha E. Rodemich, his wife, Plaintiffs-Appellees,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, Defendant-Appellant.

1 CA–CIV 4693.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 1, 1981.

Rehearing Denied Nov. 25, 1981.

Review Denied Dec. 15, 1981.

Killian, Legg, Nicholas & Fischer by Charles W. Wirken, Mesa, for plaintiffs-appellees.

James A. Simmons, Prescott, for defendant-appellant.

## OPINION

EUBANK, Judge.

The main issue to be decided on this appeal is whether the trial court erred in directing a verdict in favor of the appellees on the issue of comprehensive insurance coverage.

The appellees, Mr. and Mrs. Rodemich, were owners of a 1973 Winnebago motor home. On May 7, 1975, Mr. Rodemich was driving the motor home at approximately 15–20 m.p.h. on a paved two-lane road in Alamo State Park, Arizona. According to Mr. Rodemich, a gray four-legged animal, approximately four feet high, suddenly appeared in the roadway. Mr. Rodemich swerved to avoid hitting the animal,

causing the motor home to go off the road where it rolled over and was severely damaged. Neither the animal nor any of its hair or blood were found on or near the motor home.

At the time of the accident, the appellees had allowed their collision policy to lapse and retained only comprehensive coverage on the Winnebago. That coverage afforded the appellees the following protection:

COVERAGE D—COMPREHENSIVE

(1) The Owned Motor Vehicle. To pay for loss to the owned motor vehicle EXCEPT LOSS CAUSED BY COLLISION but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declarations as applicable thereto. The deductible amount shall not apply to loss caused by a fire or by a theft of the entire vehicle. Breakage of glass, or loss caused by missiles, falling objects, fire, theft, larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion or colliding with birds or animals shall not be deemed to be loss caused by collision.

(underlined in the policy—indicating defined terms).

Appellees filed a claim under this provision eight months after the rollover incident occurred. Appellant insurance carrier repudiated any liability under the policy except for glass breakage. Appellees then commenced this action on July 29, 1976, asserting coverage under the comprehensive provision (Coverage D, *supra*) and seeking damages for the damaged Winnebago.

The matter was tried to a jury. After the plaintiffs-appellees rested their case, appellant moved for a directed verdict on the grounds that there existed no competent evidence of any actual contact between the Winnebago and an animal, and that since no contact occurred, no comprehensive coverage under the policy could exist. The trial court denied this motion. The trial continued and at the close of all the evidence, appellees moved for a directed verdict on the coverage issue and the court granted this motion. In granting it the trial judge stated that a "swerving to miss an animal was covered by the policy." He further stated that whether or not an animal was present at the time to cause the accident was a fact question for the jury. Thus the issue of the presence or nonpresence of an animal went to the jury. The jury found in favor of the appellees and assessed damages against the defendant in the amount of $10,000. Judgment was entered pursuant to the verdict. Appellant then filed a motion for new trial and/or judgment notwithstanding the verdict, which was denied. This appeal followed.

Appellant first contends that the trial court erred in directing a verdict in appellees' favor because the court equated a "near miss" with a "collision" thereby withdrawing the coverage issue from the jury's consideration. Appellees, on the other hand, take the position that "as a matter of law, in interpreting an insurance contract, there is no difference between an actual collision with an animal and a near collision with an animal which the insured successfully avoids when in both situations the collision or avoidance results in a subsequent collision or upset."

In construing insurance policy provisions, courts must proceed in a reasonable manner giving the ordinary meaning and effect to the terms used therein. *Parks v. American Casualty Co. of Reading, Pa.*, 117 Ariz. 339, 572 P.2d 801 (1977); *Brenner v. Aetna Ins. Co.*, 8 Ariz.App. 272, 445 P.2d 474 (1968). A contract of insurance is to be treated like any other contract and when the meaning and intent of the contract is clear, it is not the prerogative of the courts to change or rewrite it in an attempt to avoid harsh results. *Harbor Ins. Co. v. United Services Auto Ass'n*, 114 Ariz. 58, 559 P.2d 178 (1976); *Lawrence v. Beneficial Fire and Casualty Ins. Co.*, 8 Ariz.App. 155, 444 P.2d 446 (1968). The intention of the parties as derived from the language of the policy must always prevail. *State Farm Mutual Auto Ins. Co. v. O'Brien*, 24 Ariz. App. 18, 535 P.2d 46 (1975). Finally, the coverage question is a question of law. *State Farm & Casualty Co. v. Rossini*, 107 Ariz. 561, 490 P.2d 567 (1971).

■ In the case *sub judice*, the comprehensive provision protected appellees against loss to the motor home except loss caused by collision. The term "collision" is defined in Section II of the policy as follows:

> Collision—means collision of a motor vehicle covered by this policy *with another object* or with a vehicle to which it is attached or *upset of such motor vehicle.* (Emphasis added).

However, a "loss caused by ... *colliding* with birds or animals shall not be deemed to be loss caused by collision." (Emphasis added).* Hence, Coverage D provides that a loss caused by *colliding* with an animal would be within the comprehensive coverage. We believe that the policy's use of the term "colliding," rather than the term "collision" which was specifically defined in the policy, indicates that, "collision" and "colliding" are not the same thing under the policy. "Collision" is defined to include "upsets" of the covered vehicle, regardless of the cause, and therefore does not require any contact between the vehicle and any other object. Because the policy used the different term "colliding" in excluding from the definition of "collision" any "loss caused by ... colliding with birds or animals," we believe that the terms of the policy indicate that the parties intended "colliding with ... animals" to be read in its ordinary dictionary sense and thus to require an actual striking, clashing, or coming together of the motor home and an animal. Therefore, unless the motor home actually struck the animal, there was no "loss caused by ... colliding with ... animals." Instead, the motor home suffered an upset, within the definition of "collision" excluded from the comprehensive coverage.

Appellees, however, contend that coverage exists in this fact situation "where imminent collision with an animal precipitates evasive action all of which directly and proximately results in a collision or upset." Appellees acknowledge that there are no cases directly on point relating to this fact situation, but cite a number of cases and authorities holding and stating that where a risk insured against operates to subject the insured property to a risk not insured against, the loss is covered. *Rust Tractor Co. v. Consolidated Constructors, Inc.,* 86 N.M. 658, 526 P.2d 800 (1974); Annot., 160 A.L.R. 946 (1946); 5 Appleman, *Insurance Law and Practice,* § 3803 (1970). The simple answer to this contention is that the policy *sub judice* did not insure appellees against the risk of collision and therefore the cited authorities are not particularly helpful. We find that the language of the policy governs the coverage here, and that unless the motor home actually struck the animal, the loss caused by the upset of the motor home was within the policy's exclusion for loss caused by "collision." Therefore we find as a matter of law that appellees' loss is not covered under the comprehensive coverage of the policy unless in fact the motor home struck an animal, as appellees allege.

■ A directed verdict is justified only where the evidence is insufficient to support a contrary verdict or so weak that the court would feel constrained to set aside the verdict. *Pruett v. Precision Plumbing,* 27 Ariz.App. 288, 554 P.2d 655 (1976). At the trial, appellee stated that he heard a "thump," presumably caused by his motor home striking the animal, directly before the wheels of the motor home went off the pavement. On the other hand, no blood or hair was found on the motor home or on the highway. We believe that reasonable minds could differ as to whether this evidence showed that appellees' motor home actually struck an animal. Because coverage in this case depends on whether the motor home actually struck an animal, we hold that the trial court erred in granting a directed verdict to appellees on the issue of coverage where that proper fact issue was not presented and determined by the jury.

The remaining issues raised in the brief were waived at oral argument by appellant and will not be discussed.

---

* See Coverage D, *supra.*

Since the trial court erred in determining the coverage under the policy, and in instructing the jury, the matter is reversed and remanded for a new trial.

HAIRE, P. J., and O'CONNOR, J., concur.