740 P.2d 508
**Suzanne M. HIGGINS,
Petitioner/Appellee,**

v.

**Charles B. HIGGINS,
Respondent/Appellant.**

**No. 2 CA–CV 87–0056.**

Court of Appeals of Arizona,
Division 2, Department A.

June 30, 1987.

88

Monroe & Egbert by Michael J. Monroe, Tucson, for petitioner/appellee.

James M. Elliott, Tucson, for respondent/appellant.

## OPINION

FERNANDEZ, Judge.

Appellant Charles Higgins appeals from the trial court's ruling that the decree of dissolution entered in this case is valid and that appellant is in arrears on the spousal maintenance owed under the property settlement agreement. We affirm.

The parties were divorced in October 1984 after a 16-year marriage. Appellee Suzanne Higgins was the petitioner in the marriage dissolution action. Appellant signed an acceptance of service of process but did not appear in the case, and the decree was entered after a default hearing. Incorporated in the decree is a lengthy property settlement agreement prepared by the wife's attorney. The document indicates that the husband elected not to be represented by counsel and that he deemed the agreement to be a fair and equitable division of the parties' assets and liabilities. The agreement provides that the wife is to receive $3,000 per month as alimony (spousal maintenance) and that the payments are to continue even though the wife remarries.

In July 1986 the wife filed a petition for an order to show cause to enforce the husband's spousal maintenance and child support obligations. The verified petition alleged that the husband had married another woman on January 18, 1986, that he had not disclosed that fact to the wife and that on March 29, 1986, he remarried the wife without having divorced his second wife. The husband does not dispute those allegations.

In his response to the petition, the husband contended that the dissolution decree was void because it contained no findings pursuant to A.R.S. § 25-319 with regard to the award of spousal maintenance. Although he brought no formal motion on the issue but merely raised it in his response to the wife's petition, the husband sought to have the decree declared void both on that ground and on the ground that the parties' remarriage abrogated the decree provisions with regard to the payment of spousal maintenance.

At the hearing on the petition, the parties stipulated to the amount of the arrearages owed. The court ruled that the decree was valid, and the agreed-upon amounts were ordered to be paid. This appeal followed.

## VOID DECREE

The husband contends that the dissolution decree is void because the trial court made no findings regarding the wife's entitlement to spousal maintenance required by A.R.S. § 25-319. The record shows that the default hearing on the dissolution was properly conducted and that the wife was sworn and testified. The decree was entered October 29, 1984, and no appeal was taken from it. The husband first raised the issue, not in an affirmative pleading, but in a response to the wife's petition to enforce the decree. That response was filed August 4, 1986, more than one and one-half years after the decree was entered.

The husband asserts that his request for relief was a timely-filed motion under Rule 60(c)(6), Rules of Civil Procedure, 16 A.R.S., because the judgment is void for lack of jurisdiction absent a showing that the A.R.S. § 25-319 requirements were met. We need not determine whether or not the request was timely. There is no requirement that specific findings be made in the decree with regard to A.R.S. § 25-319. *Wineinger v. Wineinger*, 137 Ariz. 194, 669 P.2d 971 (App.1983). Thus, the absence of specific findings does not render the decree void. The husband did not appeal from the judgment and because no other basis for relief under Rule 60(c) has been raised, the decree must stand. We note that the husband has made no claim

that he was wrongfully induced to sign the property settlement agreement.

## EFFECT OF REMARRIAGE

■ The husband also contends that the decree was abrogated by the remarriage of the parties in March 1986, citing *Hodges v. Hodges*, 118 Ariz. 572, 578 P.2d 1001 (App. 1978). We find no basis for that contention. Although the general rule is that a remarriage of the recipient spouse terminates the spousal maintenance provisions of the dissolution decree, *Hodges v. Hodges; Smith v. Smith*, 71 Ariz. 315, 227 P.2d 214 (1951), there are reasons why that result does not occur in this case.

■ The fact that the husband was already married at the time of the alleged remarriage means that the remarriage was void and incapable of being ratified. The husband contends that the ruling in *Hodges* abandoned any distinction between void and voidable marriages so that the performance of a subsequent marriage ceremony valid on its face is sufficient to terminate a spousal maintenance award. In *Hodges*, the wife obtained an annulment of her second marriage and then sought to have the spousal maintenance award from her first husband revived. The court held that the award was not revived after the annulment because permitting its revival would keep the first husband in limbo as to his obligations pending events such as discovery of the basis of the invalidity of the marriage, a decision by the wife whether to end or ratify the marriage, and a determination of whether to seek an annulment or a divorce. No such situation exists here; only the former spouses are involved. The basis for the holding in *Hodges* is the following statement: "Although the former husband is innocent of any wrongdoing, and the wife may be so, '... it accords with the policy of the law to look less favorably upon the more active of two innocent parties when by reason of such activity a loss is sustained as the result of the misconduct of a stranger.' " 118 Ariz. at 576, 578 P.2d at 1005, quoting *Sefton v. Sefton*, 45 Cal.2d 872, 877, 291 P.2d 439, 442 (1955). Since there is no innocent former husband in this case and no misconduct by a stranger, there is no reason to extend that holding to this situation.

■ Additionally, as a matter of public policy, we reject the husband's argument. We see no legal or equitable basis upon which to permit a husband to agree to an award of spousal maintenance, to fail to appeal the decree incorporating that agreement, and then to request relief nearly two years after entry of the decree on the ground that he has entered into an admittedly-bigamous remarriage with his former wife.

The cases cited by appellant from other jurisdictions are inapplicable to this situation, either because they involve different facts than this case, are similar to the *Hodges* case, or are based on statutes unlike those enacted in Arizona.

We do not address the other issue raised by appellant, that the dissolution decree was void because it awarded relief in excess of that sought in the petition for dissolution, since that issue was never raised in the court below. *Parks v. American Casualty Co. of Reading, Pennsylvania*, 117 Ariz. 339, 572 P.2d 801 (1977).

■ Appellee will be awarded attorney's fees as requested upon filing a statement of costs pursuant to Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S. (1986 Supp.), and *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983).

Affirmed.

HATHAWAY, C.J., and HOWARD, P.J., concur.