NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KATHERINE WHITT, *Petitioner/Appellee*,

*v.*

MARCO MEZA, *Respondent/Appellant*.

No. 1 CA-CV 23-0256 FC
FILED 2-27-2024

Appeal from the Superior Court in Maricopa County
No. FC2021-003483
The Honorable Daniel G. Martin, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Stanley David Murray, Attorney at Law, Scottsdale
By Stanley David Murray
*Counsel for Petitioner/Appellee*

State 48 Law Firm, Scottsdale
By Bryce Johnson, Robert Hendricks, & Stephen Vincent
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Cynthia J. Bailey and Judge Maria Elena Cruz joined.

---

**M c M U R D I E**, Judge:

**¶1** Marco Meza ("Father") appeals several rulings in the decree dissolving his marriage to Katherine Whitt ("Mother"). In a published opinion, we affirmed the superior court's calculation of the community's equitable lien on Father's separate property home but vacated the characterization of a Chase bank account as community property and the equalization judgments for the bank account and vehicles because the evidence did not support the amount of the community's interest. In this decision, we affirm the award of attorney's fees, Mother's eligibility for spousal maintenance, and the parenting plan.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** We do not repeat the facts or procedural background addressed in the opinion. After entry of an appealable decree, Father appealed from the decree, the ruling on his post-decree motion, and the award of attorney's fees. We have jurisdiction under A.R.S. § 12-2101(A)(1) and (2), and Arizona Rule of Family Law Procedure ("Rule") 78(c).

## DISCUSSION

**¶3** Father argues the spousal maintenance and attorney's fees findings are inadequate because the superior court had to make written findings of fact and conclusions of law under 82(a). We review spousal maintenance and attorney's fees awards for an abuse of discretion and accept the superior court's findings of fact unless clearly erroneous. *Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 12 (App. 2014); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 14 (App. 1998); *see In re Marriage of Thorn*, 235 Ariz. 216, 219, ¶ 13 (App. 2014).

### A.    Attorney's Fees

**¶4** Without a request for findings under Rule 82(a), the superior court need not make findings of fact when awarding attorney's fees under A.R.S. § 25-324. *Myrick*, 235 Ariz. at 494-95, ¶ 10. Father has not shown how

2

the fee award constitutes an abuse of discretion. Thus, we affirm the award of attorney's fees.

## B. Spousal Maintenance

**¶5**     Father argues that the superior court also failed to make the minimal findings of fact and conclusions of law required to support the spousal maintenance award noted in *In re Marriage of Cotter*, 245 Ariz. 82, 87, ¶ 12 (App. 2018). But *Cotter* did not create a minimal findings requirement. Consistent with existing caselaw and A.R.S. § 25-319(A), *Cotter* held that absent a Rule 82(a) request, the superior court need not make specific findings about the eligibility criteria in A.R.S. § 25-319(A). 245 Ariz. at 87, ¶ 12; *see also Higgins v. Higgins*, 154 Ariz. 87, 88 (App. 1987). But in *Cotter*, 245 Ariz. at 86-87, ¶¶ 10-12, the superior court found the requesting spouse was not eligible for spousal maintenance because she received $36,000 in property. On appeal, we held that without more findings, this court could not presume $36,000 in property would meet the wife's needs during her lifetime, citing § 25-319(A)(1). *Cotter*, 245 Ariz. at 86-87, ¶¶ 10-12.

**¶6**     In this case, Mother testified she was on disability and did not earn enough to be self-sufficient. Her financial affidavit supports her testimony. One of the statutory criteria for spousal maintenance eligibility is a lack of adequate earning ability to be self-sufficient. *See* A.R.S. § 25-319(A)(2).

**¶7**     Without a Rule 82(a) request, the superior court did not have to make express findings on Mother's earning ability, her reasonable needs, or whether Mother's property could meet her needs. *See Cotter*, 245 Ariz. at 87, ¶ 12. We assume the court found every fact necessary to support its judgment. *Elliott v. Elliott*, 165 Ariz. 128, 135 (App. 1990). The evidence supports that Mother lacks the earning ability to be self-sufficient and is thus eligible for spousal maintenance under A.R.S. § 25-319(A)(2).

**¶8**     Our decision to vacate two components of the equalization judgment and remand for reconsideration may affect the spousal maintenance analysis and award. Thus, we instruct the court to reconsider the award on remand. If there is a change to the spousal maintenance award, the court must also reconsider the child support order.

## C. Parenting Plan

**¶9**     Father contends the superior court made contradictory findings because the parenting plan implies that Mother could work, but

the court found she could not work when discussing child support, spousal maintenance, and attorney's fees. We disagree that the findings are inconsistent.

**¶10**      The superior court adopted Mother's proposed parenting plan that gave Father parenting time on the weekends when Mother historically had to work. Mother has been disabled and not working since February 2022. She testified that the children were doing well and were happy with the current parenting plan, which coincided with her parenting time with her oldest child—the children's step-brother. Based on this evidence, it is reasonable to infer that the court found that maintaining the same parenting plan was in the children's best interests. Thus, the parenting plan is not inconsistent with findings elsewhere that Mother cannot work.

**¶11**      Finally, Father argues that the superior court erred because it did not exercise independent judgment but adopted Mother's proposed decree. Father concedes that he lacks proof that the decree is identical to Mother's proposed decree. We have addressed the alleged errors in the decree elsewhere and will not address Father's speculative concerns.

## CONCLUSION

**¶12**      Unless noted otherwise in the opinion, we affirm the decree.

